United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60336
Summary Calendar

_____

WAYNE E. MONAGHAN; JULIA E. MONAGHAN,

Plaintiffs - Appellants,

versus

TERRY ADKINS; AMERICAN GENERAL LIFE AND
ACCIDENT INSURANCE COMPANY,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
District Court Cause No. 02-CV-452-JAD

_____

Before JONES, BARKSDALE and PRADO, Circuit Judges.[1]

PRADO, Circuit Judge.

This appeal arises from a dispute between the appellants, Wayne E. Monaghan (Monaghan) and Julia E. Monaghan, and the appellee, American General Life and Accident Insurance Company (American General), regarding the cancellation of a life insurance policy issued to Monaghan by American General.[2] After

---

[1]Pursuant to 5TH CIRCUIT RULE 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[2]For simplicity, this opinion uses "Monaghan" to refer to the complaints of Wayne and Julia Monaghan. Wayne was the policyholder under the policy at issue and Julia was the

1

discovering that his policy had been canceled, Monaghan filed his original complaint in Mississippi state court, alleging that American General failed to notify him about the impending cancellation of the insurance policy for want of payment. American General removed the case to the United States District Court for the Northern District of Mississippi on the basis of diversity of citizenship jurisdiction.  With the consent of the parties, the matter was referred to a United States Magistrate Judge for disposition.

Following discovery, American General moved for summary judgment.  American General argued that Monaghan's claims arising from the alleged failure to provide notice should be dismissed because Monaghan could not rebut the presumption of delivery established under Mississippi state law.  The magistrate judge granted the motion and dismissed Monaghan's claims.  Monaghan challenges that action in this appeal.

## Standard of Review

This court reviews the magistrate judge's grant of summary judgment *de novo*, applying the same standards as the magistrate judge.[3]  Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as

---

 beneficiary.

[3]*See Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 470-71 (5th Cir. 2001).

2

a matter of law.[4]  In considering summary judgment, the court must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-movant.[5]  To survive a motion for summary judgment, the nonmoving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial by way of personal affidavits, or by the "depositions, answers to interrogatories, and admissions on file."[6]

## Whether Dismissal Was Proper

The magistrate judge dismissed Monaghan's claims, in part, because Monaghan failed to raise a genuine issue of material fact about whether American General sent him notice that his policy was due to lapse.  The magistrate judge reasoned that although it appeared that American General sent the notice to an address that was no longer in use, Monaghan never informed American General that his address had changed.

On appeal, Monaghan maintains that the magistrate judge improperly presumed that Monaghan received American General's notice.  Monaghan complains that issues of material fact exist about whether he received the notice, about the likelihood of

---

[4]*See id*. at 471.

[5]*See id*.

[6]*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56).

actual delivery of a notice mailed to his previous address, and about when his address actually changed.

Under Mississippi law,[7] an insurer is not required to prove that its insured received a lapse notice to prevail in a lawsuit about policy cancellation.[8]  Rather than requiring an insurer to prove receipt of notice, Mississippi law establishes that where notice is sent to the insured via mail, "[t]here is a presumption that mail deposited, postage prepaid and properly addressed is timely delivered to the person addressed."[9]  Proof of mailing operates to establish a rebuttable presumption that notice reached its intended destination (that is, the insured's last known address).[10]  An insured who maintains he never received such notice may rebut the presumption by presenting "countervailing evidence of sufficient weight to rebut the presumption that it was received."[11]  "But mere denial of receipt is insufficient to create a triable issue of fact."[12]

To prove that it notified Monaghan that his policy was due

---

[7]The parties agree that Mississippi law applies to this diversity action.

[8]*See Carter v. Allstate Indem. Co.*, 592 So. 2d 66, 70 (Miss. 1991).

[9]*Thames v. Smith Ins. Agency, Inc.*, 710 So. 2d 1213, 1216 (Miss. 1998).

[10]*See Carter*, 592 So. 2d at 75.

[11]*Id.* at 75.

[12]*Id.*

4

to lapse, American General presented an affidavit by employee Karen Hite.  In the affidavit, Hite attested that American General's records indicate that a lapse notice was sent to Monaghan by United States mail on January 17, 2001.  Although the summary judgment evidence indicates that Monaghan's address changed at some point after the policy was issued, Hite's affidavit makes clear that American General acted diligently in seeking to ascertain Monaghan's address.  In her affidavit, Hite explained that American General confirms the addresses of its policyholders by participating in the National Change of Address program sponsored by the United States Postal Service.  Hite stated that, as part of that program, American General provides the Postal Service with a file listing the last known mailing addresses for American General's policyholders, and that the Postal Service then provides American General with address change information for any policyholder whose address changed since the last regularly scheduled file review.  Hite further attested that the Postal Service notified American General that Monaghan's address changed on January 30, 2000 and that American General was not notified of any further change of address.  This evidence shows that American General attempted to ascertain Monaghan's proper mailing address and thus took "whatever steps are reasonably necessary to ensure that a cancellation notice

5

actually reaches the insured's last known address."[13]  As a result, American General established its entitlement to the presumption of delivery arising under Mississippi law.

   With the presumption of notice established—"that mail deposited, postage prepaid and properly addressed is timely delivered"[14]—the burden shifted to Monaghan to rebut the presumption with "countervailing evidence of sufficient weight."[15] Monaghan, however, failed to present evidence to rebut the presumption.  Instead of presenting evidence that the mailing address American General used was incorrect, Monaghan relied upon the affidavit of the Postmaster of Tupelo, Mississippi, which indicates only that local address changes took place between 1995 and 2001.  This affidavit, however, does not constitute evidence that American General did not properly mail the lapse notice to Monaghan.  Ultimately, Monaghan did little more than deny receipt of the notice—an assertion which is "insufficient to create a triable issue of fact."[16]  Despite his arguments about the existence of fact questions, Monaghan did not present evidence to rebut the presumption.

---

[13]*Id.* at 75.

[14]*Thames*, 710 So.2d at 1216.

[15]*Carter*, 592 So.2d at 75.

[16]*Id.* at 75.

## Conclusion

Because Monaghan failed to introduce evidence sufficient to rebut the presumption of delivery of notice arising under Mississippi law, he failed to raise a genuine issue of material fact about whether American General sent him notice that his policy was due to lapse.  Accordingly, the magistrate judge did not err by dismissing Monaghan's claims.  Consequently, the court AFFIRMS the judgment of the magistrate judge.  Having reached this determination, the court need not reach Monaghan's other argument.

AFFIRMED.